# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

| | | |
|---|---|---|
| KYLE ANDREW COKER, | § | MAR 17 2025 |
| (SPN #94249-509) | § | |
| Movant, | § | Nathan Ochsner, Clerk of Court |
| | § | Civil No. 4:24-cv-_____ |
| v. | § | Crim No. 4:22-cr-00151-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

COMES Movant, KYLE ANDREW COKER ("Coker"), appearing *pro se,* and in support of this memorandum would show as follows:

## I. JURISDICTION

Coker is timely filing a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") contemporaneously with this Memorandum of Law. Jurisdiction is vested in this District Court that presided over and imposed sentence pursuant to Rule 4(a) of the Rules Governing § 2255 Proceedings. See *Liteky v. United States*, 510 U. S. 540, 562 (1994). Under 28 U.S.C. § 2255, federal prisoners "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or

1

laws of the United States" may move the district "court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

## II. STATEMENT OF THE GROUNDS FOR REVIEW

A. Whether pretrial counsel's failure to: (1) Communicate with Coker and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial; (2) Conduct an adequate and independent pretrial investigation; and (3) Attempt to negotiate a favorable Plea Agreement deprived Coker of effective assistance of pretrial counsel under the Sixth Amendment of the Constitution of the United States.

B. Whether sentencing counsel's failure to: (1) Correctly discuss and explain the PSR with Coker prior to the sentencing hearing; (2) File substantive objections to the PSR; and (3) Argue for mitigation of punishment and object to his sentence being substantively unreasonable deprived Coker of effective assistance of sentencing counsel under the Sixth Amendment, a fair and just sentence.

## III. STATEMENT OF THE CASE

On March 23, 2022, the grand jury sitting in the United States District Court for the Southern District of Texas, Houston Division, returned a two (2) Count

Criminal Indictment charging Coker. See Doc. 1.[1]  Count 1 charged Coker with

Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in

violation to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2. *Id.* Count 2

charged Coker with Felon in Possession of A Firearm, in violation to 18 U.S.C. §§

922(g)(1) and 924(a)(2). *Id.* The Indictment also contained a Notice of Criminal

Forfeiture pursuant to 21 U.S.C. § 853(a). *Id.*

On January 12, 2023, a Rearraignment Hearing was held before Judge David

Hittner. See Doc. 28. Coker pleaded guilty on count 2 of the Indictment without a

Plea Agreement. *Id.*

On June 2, 2023, a Sentencing Hearing was held before Judge David Hittner.

See Doc. 42. This Court sentenced Coker to a term of 120 months' imprisonment, to

run consecutive to any other pending cases or undischarged sentences. See Doc. 48.

It is followed by 5 years' Supervised Release, no Fine or Restitution. *Id.* The District

Court also ordered a payment of a Mandatory Special Assessment Fee of $100. *Id.*

On the same day, Coker timely filed a Notice of Appeal. Also, Gerardo

Montalvo ("Montalvo"), his assigned counsel, filed an Unopposed Motion to

---

[1]

"Doc." refers to the Docket Report in the United States District Court for the Southern District of Texas, Houston Division in Criminal No. 4:22-cr-00442-1, which is immediately followed by the Docket Entry Number. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

Withdraw as Attorney, which was granted on June 6, 2023. See Docs. 44, 45, 47.

On October 19, 2023, Coker filed an Unopposed Motion to Dismiss Appeal Pursuant to Fed. R. App. P. 42, which the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") dismissed accordingly. See Doc. 65.

## IV. COGNIZABLE ISSUES UNDER 28 U.S.C. § 2255

The function of a § 2255 Motion to Vacate, Set Aside or Correct Sentence is to inquire into the legality of the federal prisoner's detention. See *Heflin v. United States*, 358 U. S. 415, 421 (1959). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the imposition or length of his or his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "that the sentence is otherwise 'subject to collateral attack.'" 28 U. S. C. § 2255 (1994). Despite this apparently broad language, violations of federal law are only cognizable if they involve a "fundamental defect" resulting in a "complete miscarriage of Justice." *Davis v. United States*, 417 U. S. 333, 346 (1974).

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Once a petitioner files a § 2255 motion, "[u]nless the motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *United States v. Batamula*, 823 F.3d 237 (5th Cir. 2016). "[A] petitioner need only allege – not prove – reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014). However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1553.

A § 2255 Motion requires the district court to either order the government to respond or to hold an evidentiary hearing unless the Motion, files and record of the case demonstrate that no relief is warranted. See *Aron*, 291 F.3d at 715 n.6. "Under 28 U. S. C. § 2255, unless the motion and record as constituted show conclusively that relief is not available, an evidentiary hearing should be held." 28 U.S.C. § 2255(b).

Upon granting a § 2255 Motion, "[t]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him . . . or correct the sentence as may appear appropriate." 28 U. S. C. § 2255. The remedy provided in § 2255 is

broad and flexible, and entrusts the federal courts with the power to fashion appropriate relief. See *Andrews v. United States*, 373 U. S. 334, 339 (1963).

Ineffective assistance of counsel claims are cognizable in a § 2255 setting because they are of constitutional dimension. See *Kimmelman v. Morrison*, 477 U. S. 365, 371-79 and n.3 (1986); *Strickland v. Washington*, 466 U. S. 668 (1984).

To prevail on a claim of ineffective assistance of counsel, Coker must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See *Kimmelman*, 477 U. S. at 375.

The "reasonableness of counsel's challenged conduct" must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct." *Lockhart v. Fretwell*, 506 U.S. 364, 371(1993)(citing *Strickland*, 466 U. S. at 690). In the course of the latter portion of this inquiry, the Court must consider not merely whether the outcome of the defendant's case would have been different, but also whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair. See *Lockhart*, 506 U. S. at 368-73. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles

6

him." *Lockhart*, 506 U. S. at 372. Thus, prejudice is measured by current law and not by the law as it existed at the time of the alleged error. *Id.*

The familiar two-part test of *Strickland* has been applied by the Supreme Court and the Fifth Circuit in a wide variety of contextual challenges to the effectiveness of counsel's performance. With regard to the performance prong of the *Strickland/Hill* test, "if a defendant is represented by counsel and pleas guilty upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U. S. 759 (1970). "[T]o prove prejudice, [Coker] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 841-42. "And, of course, 'any amount of actual jail time has Sixth Amendment significance,' which constitutes prejudice for purposes of the *Strickland* test." *Glover v. United States*, 531 U.S. 198, 203 (2001). Additionally, "[o]ne of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty." *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" See *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Premo v. Moore*, 131 S. Ct. 733,

743 (2011); *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-81 (2010).

In an effort to provide guidance as to how *Hill* applies to differing factual settings, the Supreme Court decided *Lafler* and *Frye* and established a constitutional standard applicable in all of the separate phases of a criminal trial to which the Sixth Amendment applies, including the point at which a defendant decides whether to plead guilty to a crime. In *Lafler*, the Court held that when counsel's ineffective advice led to an offer's rejection, and when the prejudice alleged is having to stand trial, a defendant must show that, but for the ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the actual judgment and sentence imposed. In *Frye*, the Court held that the Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected, and that right applies to "all 'critical' stages of the criminal proceedings."

In the context of sentencing, prejudice means that but for counsel's error(s), acts and/or omissions, his sentence would have been significantly less harsh. See *United States v. Grammas*, 371 F.3d 281 (5th Cir. 2004); *United States th v. Conley*, 349 F.3d 837, 839 (5th Cir.2003). In a ruling on a motion under § 2255, the court is required to hold a hearing "[u]nless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A criminal defendant is also entitled to constitutionally effective assistance of counsel on direct appeal as of right. See *Evitts v. Lucey*, 469 U. S. 387, 396 (1985); *Reed v. Stephens*, 739 F.3d 753 (5th Cir. 2014); *United States v. Reinhart*, 357 F. 3d 521, 531 (5th Cir. 2004). A criminal defendant has a Sixth Amendment right to the effective assistance of counsel on direct appeal. *Evitts*, 469 U.S. at 396. Claims for ineffective assistance of appellate counsel are governed by the two-part *Strickland* standard. See *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013).

Rule 8 of the Rules Governing § 2255 Proceedings states: "If the [§ 2255] motion is not dismissed, the judge must review the answer, any transcript and records of prior proceedings, and any materials submitted... to determine whether an evidentiary hearing is warranted". See *United States v. Cavitt*, 550 F.3d 430, 441-42 (5th Cir. 2008). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue. See *United States v. Edwards*,

9

442 F.3d 258, 264 (5ᵗʰ Cir. 2006).

Upon granting a § 2255 Motion, "[t]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him . . . or correct the sentence as may appear appropriate." 28 U. S. C. § 2255.

## V. DISCUSSION

As a preliminary matter, Coker respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5ᵗʰ Cir. 2014) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

A. **Counsel's Failure To: (1) Communicate with Coker and Inform Him of the Relevant Circumstances and Likely Consequences of Pleading Guilty As Opposed to Proceeding to Trial; (2) Conduct An Adequate and Independent Pretrial Investigation; and (3) Attempt to Negotiate A Favorable Plea Agreement Deprived Coker of Effective Assistance of Pretrial Counsel Under the Sixth Amendment of the Constitution of the United States.**

   1. Communicate with Coker and Inform Him of the Relevant Circumstances and Likely Consequences of Pleading Guilty as Opposed to Proceeding to Trial

Chapter 1, Rule 1.4: Communication of the Texas Rules of Professional Conduct states that:

(a)   A lawyer shall:

    (1)   promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in RPC 1.0(e), is required by these Rules;

    (2)   reasonably consult with the client about the means by which the client's objectives are to be accomplished;

    (3)   keep the client reasonably informed about the status of the matter;

    (4)   promptly comply with reasonable requests for information; and

    (5)   consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b)   A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation. It is one of the cornerstones of effective legal representation by an attorney.

Initially, John MacVane ("MacVane"), was Coker's appointed counsel during the pretrial and was further represented by Montalvo until sentencing. From the outset, MacVane and Montalvo failed to establish reasonable communication with Coker, denying him the ability to effectively participate in his defense. MacVane and

Montalvo's actions fell below the standard of professional conduct required by *Strickland v. Washington*, 466 U.S. 668 (1984), and applicable norms, depriving Coker of his Sixth Amendment right to effective assistance of counsel.

Effective representation includes the duty to consult with the client regarding important decisions and explain the strategy and potential outcomes of the case. See *Missouri v. Frye*, 566 U.S. 134, 144 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 367 (2010). There was not any reasonable communication from the beginning of this case between Coker and MacVane and Montalvo, so that they could effectively participate in his defense. MacVane and Montalvo certainly did not meet the standard as set forth above in Rule 1.4 of the Texas Rules of Professional Conduct or any other professional norm for that matter. MacVane failed to reasonably consult with Coker about the means to be used to accomplish his objectives other than push Coker to plead guilty.

Here, there were occasions when MacVane and Montalvo may have visited or contacted Coker to discuss his case. However, the emphasis here is not on the frequency of these interactions but on the quality of representation provided. Despite Coker's request for his counsels to file a Motion for Discovery and Suppression of Evidence, both failed to take action. Instead, MacVane pressured Coker to plead guilty. The record reveals that MacVane's sole strategy was to steer Coker toward a

guilty plea, without proposing any viable defense strategy should Coker decide to proceed to trial. Furthermore, MacVane and Montalvo neglected to clearly communicate the potential outcomes of the case or gather essential details from Coker to construct a defense. Coker was led to believe that accepting the plea offer, even without access to the Discovery, would lead to a different and more favorable sentencing outcome. This erroneous advice misrepresented Coker's actual sentencing guidelines and caused him to plead guilty under the mistaken belief that his sentence would be substantially shorter. This failure to fulfill their duties and maintain effective communication ultimately resulted in an unfavorable outcome, with MacVane and Montalvo appearing to align more with the prosecution than with their role as Coker's defense counsels.

Had Coker been properly informed of his actual sentencing exposure, there is a reasonable probability that he would have chosen to proceed to trial. See *Hill*, 474 U.S. at 59; *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). The misinformation from counsel regarding the likely sentence not only undermined the voluntariness of Coker's plea but also constituted a fundamental defect in representation that prejudiced Coker's defense. See *Strickland*, 466 U.S. at 693-94. The Supreme Court has emphasized that ineffective plea advice can rise to a constitutional violation when it materially affects a defendant's decision to plead

13

guilty. See *Frye*, 566 U.S. at 144; *Lafler*, 566 U.S. at 162-63.

Beyond pressuring Coker into pleading guilty, MacVane failed to develop any strategic defense plan should Coker choose to go to trial. Effective representation requires counsel to investigate the facts of the case, assess potential defenses, and present these options to the defendant. See *Wiggins v. Smith*, 539 U.S. 510, 523-24 (2003); *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). MacVane and Montalvo made no effort to discuss or prepare for trial, depriving Coker of the opportunity to weigh his options fully and effectively. This lack of preparation further demonstrates counsels' failure to provide the minimum level of professional assistance required by the Sixth Amendment. See *Strickland*, 466 U.S. at 691.

The cumulative effect of MacVane and Montalvo's deficient representation—failing to communicate effectively, misleading Coker about his sentencing exposure, and neglecting to prepare a defense—resulted in Coker receiving a 120-month sentence. The disparity between the promised sentence and the actual sentence underscores the prejudice Coker suffered. See *Glover v. United States*, 531 U.S. 198, 203-04 (2001) (any additional prison time due to ineffective assistance constitutes prejudice). Moreover, Montalvo's failure to accurately explain the consequences of the plea rendered Coker's decision involuntary and uninformed, violating his constitutional rights. See *Brady v. United States*, 397 U.S. 742, 748

14

(1970).

In sum, MacVane and Montalvos's deficient performance undermined the fairness of the proceedings and resulted in a manifest injustice. Had Coker received constitutionally effective assistance, there is a reasonable probability that he would have chosen to go to trial or negotiated a more favorable plea agreement. Accordingly, Coker's conviction and sentence should be vacated, and he should be afforded the opportunity to proceed to trial or renegotiate a plea with effective representation.

2.    Failure to Conduct An Adequate and Independent Pretrial Investigation

Defense counsel has the obligation to conduct a "reasonably substantial, independent investigation." *Neal*, 239 F.3d at 688 (quoting *Baldwin v. Maggio*, 704 F.2d 1325, 1332-33 (5th Cir.1983)). The Supreme Court has explained the governing standard:

> Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91.

In this case, MacVane and Montalvo did not conduct a reasonable, independent pretrial investigation. They did not thoroughly research relevant case law, investigate key facts, or explore potential defenses. Specifically:

        a.      Failure to Investigate the DEA's Coercion to Commit the Instant Offense Claim:

Neither MacVane nor Montalvo brought up the fact that Coker had been coerced by the DEA. On February 17, 2023, the DEA, after spending six months attempting to pressure Coker into obtaining drugs for them, resorted to bribing him with pills to force the deal to happen. In fact, the authorities themselves acknowledged that Coker provided substantial assistance, even though he refused to cooperate with them fully. Since the authorities went so far as to bribe Coker, the search and arrest carried out were unlawful, as Coker had no initial intent to commit the offense in question. This coercive conduct by the authorities undermines the legitimacy of the entire operation and calls into question the legality of the subsequent actions taken against Coker. In *Jacobson v. United States*, 503 U.S. 540 (1992), the Supreme Court ruled that entrapment occurs when law enforcement induces a person to commit a crime they were not otherwise predisposed to commit. The Court emphasized the necessity of showing that the defendant's criminal

16

behavior originated from their own intent, rather than from law enforcement's persuasion or coercion. However, this critical aspect of the case—coercion by the DEA—was never raised by his counsels, leaving a significant defense argument unaddressed.

### b.    Failure to Challenge the Government's Evidence

Montalvo did not conduct any substantive investigation into the evidence the government relied on for its case-in-chief. He failed to move the court for an independent investigator, failed to request discovery, and failed to test the government's evidence. In *United Slates v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989), the Fifth Circuit held that counsel's failure to conduct an investigation into a crucial aspect of the case, including failure to test or challenge the government's evidence, constituted ineffective assistance. Here, the purity of the methamphetamine at issue was critical to determining the potential sentence Coker faced. MacVane and Montalvo's failure to independently verify the purity, despite discrepancies in the drug quantity reported, shows a lack of thoroughness in defending Coker.

### c.    Failure to Seek Independent Investigative Resources

Montalvo failed to file a motion requesting funds for a private investigator, as permitted under 18 U.S.C. § 3006A(e). The Fifth Circuit has emphasized the necessity of utilizing such resources when needed to challenge the government's case.

See *Sawyer v. Butler*, 799 F.2d 1474, 1508 (5th Cir. 1986) ("Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."). Instead, Montalvo limited his investigation to reviewing the government's case file and engaging in discussions with the prosecutor, without conducting any independent inquiries to corroborate or challenge the government's evidence.

d.    Prejudice to Coker

Counsel's failure to conduct a meaningful investigation prejudiced Coker by depriving him of a viable defense and leaving the government's case uncontested. As the Supreme Court has made clear, "counsel's failure to investigate a potential defense strategy constitutes deficient performance where that failure is not based on reasonable professional judgment." *Wiggins v. Smith*, 539 U.S. at 534.

e.    Had Montalvo Conducted A Thorough Investigation

Evidence could have been uncovered to challenge the illegal search and seizure, coercion of the DEA, and drug puirty attributed to Coker, potentially reducing his sentencing exposure under the Guidelines. The failure to further investigate resulted in Coker being unprepared to challenge the prosecution effectively, leaving him with no meaningful choice but to plead guilty under misinformed circumstances. The Supreme Court and Fifth Circuit both recognize that

18

prejudice arises when counsel's failures undermine the reliability of the outcome. *See Strickland*, 466 U.S. at 694; *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014).

In light of the above, Montalvo's failure to conduct an adequate and independent pretrial investigation constituted ineffective assistance of counsel under *Strickland*. This deficiency deprived Coker of the ability to make informed decisions about his defense and undermined the fairness of the proceedings. Therefore, Coker's conviction and sentence should be vacated, and he should be granted relief to ensure his constitutional rights are preserved.

3.    Failure to Attempt to Negotiate a Favorable Plea Agreement

Effective assistance of counsel during plea negotiations is a cornerstone of the Sixth Amendment. The Supreme Court has emphasized that a defendant must be adequately informed of "the relevant circumstances and the likely consequences" of pleading guilty versus proceeding to trial in order to make an intelligent decision. *See Lee v. United States*, 582 U.S. ___ (2017); *Brady v. United States*, 397 U.S. 742, 748 (1970). Counsel's role includes providing accurate information about potential sentencing exposure, plea offers, and the strengths and weaknesses of the case.

Where a defendant pleads guilty or rejects a plea deal based on misadvice or inadequate representation, this constitutes deficient performance under *Strickland*, if

19

the failure falls below an objective standard of reasonableness. Furthermore, the defendant must demonstrate prejudice by showing a reasonable probability that, but for counsel's errors, they would have chosen to proceed differently. See *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012), the Court extended the right to effective assistance of counsel to plea-bargaining, making clear that: (1) Counsel must communicate all plea offers to the defendant; and (2) Counsel must provide competent advice on the benefits and risks of accepting or rejecting such offers.

Deficient advice during plea negotiations can violate the Sixth Amendment if the defendant is prejudiced by the resulting decision.

      a.      Deficient Performance by Montalvo

In Coker's case, counsel Montalvo failed to meet these constitutional standards during plea negotiations, leading to significant prejudice. Montalvo's errors included:

(1) Providing Misleading Information About Sentencing: Coker was incorrectly advised that, by accepting a plea offer, his sentence would be different. This gross misrepresentation of the sentencing exposure distorted Coker's decision-making process and rendered his plea involuntary. See *Lee v. United States*, 582 U.S. ___ (2017) (misadvice about sentencing exposure undermines voluntariness of plea);

20

(2) Coaching and Lack of Trial Preparation: Montalvo failed to advise Coker to consider going to trial and instead pressured him to accept the plea deal. He did so without fully explaining the risks and benefits of each option, leaving Coker unable to make an informed decision about his defense strategy.The Supreme Court has recognized that such conduct violates the defendant's right to make an informed decision. *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

(3) Prejudice to Coker: He suffered prejudice as a result of Montalvo's deficient performance. But for counsel's errors: Coker Would Have Proceeded to Trial: (a) Had Montalvo correctly advised Coker of the sentencing range and potential enhancements, there is a reasonable probability that Coker would have rejected the plea offer and proceeded  to trial. See *Hill v. Lockhart*, 474 U.S. at 59 (prejudice exists if the defendant would have opted for trial but for counsel's misadvice); (b) Coker Could Have Negotiated a Better Outcome. This failure deprived Coker of an opportunity to mitigate the severe consequences of the plea. See *Frye*,566 U.S. at 147 (failure to communicate and negotiate plea offers constitutes prejudice); (c) The Plea Was Not Knowing and Voluntary: Counsel's misrepresentations and omissions invalidated the knowing and voluntary nature of Coker's plea. A plea based on incorrect advice about the consequences is inherently defective. See *Lee*, 582 U.S. ___; *Brady*, 397 U.S. at 755.

21

Accordingly, Montalvo's deficient performance during plea negotiations violated Coker's Sixth Amendment rights. His failure to provide accurate advice, negotiate effectively, and explore all available options prejudiced Coker, resulting in a significantly harsher sentence than he reasonably anticipated. Under *Strickland* and its progeny, Montalvo has demonstrated both deficient performance and prejudice. As such, his conviction and sentence should be vacated, and relief granted to allow him to proceed to trial or renegotiate his plea with effective assistance of counsel.

**B.** **Sentencing Counsel's Failure To: (1) Correctly Discuss and Explain the PSR with Coker Prior to the Sentencing Hearing; (2) File Substantive Objections to the PSR; and (3) Argue for Mitigation of Punishment and Object to His Sentence Being Substantively Unreasonable Deprived Coker of Effective Assistance of Sentencing Counsel Under the Sixth Amendment, A Fair and Just Sentence.**

Counsel's duties at sentencing include ensuring that the defendant fully understands the contents and implications of the PSR, raising substantive objections to incorrect or unsupported enhancements, and advocating for mitigation to secure a fair and just sentence. See *Strickland*, 466 U.S. at 688. Sentencing counsel's failure to fulfill these obligations renders their performance deficient and prejudicial, violating the defendant's Sixth Amendment rights.

1.    Failure to Review and Explain the PSR

Coker's sentencing counsel, Montalvo, failed to review or explain the PSR's

22

findings with Coker, leaving him unable to understand the sentencing calculations or

challenge its inaccuracies. This failure deprived Coker of his right to make informed

decisions and undermined his ability to meaningfully participate in his defense. The

Fifth Circuit has consistently held that effective representation requires counsel to

review the PSR with the defendant and explain its potential impact. See *United States*

*v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (failure to explain PSR prejudices the

defendant by denying an opportunity to address inaccuracies).

       2.     Failure to File Substantive Objections to the PSR

Montlavo's failure to challenge critical PSR findings resulted in unjust

sentencing enhancements that significantly increased Coker's sentence.

a. <u>PSI Discrepancies</u>. In this case, Coker reviewed the Presentence

Investigation Report (PSI) and found discrepancies between the copy presented to

him during review and the one submitted before and after sentencing. The final

version contained items allegedly taken from his property that were not included in

the earlier copies shown to him. This inconsistency raises significant concerns about

the accuracy and integrity of the report used in his sentencing. The discrepancies

between the versions of the PSI shown to Coker raise serious concerns about the

reliability and accuracy of the report used during sentencing. The inclusion of

additional items allegedly taken from his property in the final version of the

PSI—items that were not present in the earlier versions—suggests either a procedural irregularity or intentional manipulation of the document. The final PSI appears to have included information that could have influenced the court's determination of Coker's sentence. If these discrepancies were material to the sentencing decision, Coker's sentence may have been improperly enhanced or otherwise affected, resulting in an unfair outcome. Montalvo failed to address these discrepancies prior to sentencing. This failure deprived Coker of the opportunity to challenge the accuracy of the final PSI and undermined the integrity of the sentencing process. *United States v. Baylin*, 696 F.2d 1030 (3d Cir. 1982), a defendant has the right to challenge inaccuracies in the PSI and that failure to address these inaccuracies can undermine the fairness of sentencing.

   b. Failure to Raise that Coker was Coerced by the DEA to Commit the Offense.

The DEA reportedly pressured Coker multiple times over six months to provide them with controlled substances. Coker consistently refused, as he did not possess any controlled drugs. In an effort to build a case against him, the DEA allegedly provided him with pills as a bribe. This act subsequently led to Coker being labeled as an illegal drug user, which amplified the charges against him to include drug distribution. Montalvo failed to challenge his offense as entrapment wherein, it occurred when law enforcement induced Coker to commit a crime he would not have

otherwise committed.

c. <u>Failure to Raise a Conflict of Interest</u>. In this instance, a potential conflict of interest emerged during the sentencing due to Coker's friendship with a relative of the judge. Throughout the proceedings, Coker was occasionally interrupted when attempting to express his apologies to his mother. Furthermore, the presiding judge deemed a reduction in Coker's sentence to be unwarranted, asserting that he deserved a longer sentence.

d. <u>Failure to Challenge the Breach of Confidentiality</u>. Coker received a legal mail that was opened outside his presence, constituting a clear breach of confidentiality. This act directly infringed upon Coker's attorney-client privilege, a fundamental component of his right to a fair trial and effective legal representation. Despite the significance of this violation, Coker's counsel failed to challenge it, leaving the breach unaddressed. The improper handling of legal mail can be framed as a violation of Coker's procedural due process rights, undermining the fairness and integrity of the legal proceedings. Such a breach not only compromised his ability to communicate confidentially with his counsel but also had potential implications for the preparation of his defense and any subsequent appeals. This situation highlights a serious procedural and constitutional concern that warrants further scrutiny and appropriate legal redress.

3. Failure to Advocate for Mitigation and Object to Substantive Unreasonableness

Motalvo failed to argue for mitigation or contest Coker's sentence as substantively unreasonable. The Supreme Court has held that sentencing counsel must advocate for mitigating factors to reduce a defendant's sentence. See *Wiggins v. Smith*, 539 U.S. 510, 534 (2003). Factors such as DEA role in this case and acceptance of responsibility could have supported a lower sentence.

Additionally, the 120-month sentence imposed was substantively unreasonable given Coker's limited role and the errors in the PSR calculations. The Fifth Circuit has emphasized the importance of proportionality in sentencing, ensuring it aligns with the Guidelines and mitigating circumstances. See *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).

Counsel's failures deprived Coker of his right to effective assistance and a fair sentencing hearing. This error satisfies both prongs of the *Strickland* test: deficient performance and resulting prejudice. Montalvo's inadequate representation at sentencing violated Coker's Sixth Amendment rights and resulted in an excessively harsh sentence. Accordingly, Coker's sentence should be vacated, and the case remanded for resentencing with proper consideration of mitigating factors and accurate Guidelines calculations.

26

# VI. <u>CONCLUSION</u>

In light of the foregoing, it is evident that Coker was deprived of his constitutional right to effective assistance of counsel at both the plea-bargaining and sentencing phases of his case. Counsel's failure to adequately inform Coker of the implications of his plea, properly object to inaccuracies in the PSR, and advocate for a fair and just sentence constitute deficient performance under the standards established by *Strickland*, and its progeny. These errors prejudiced Coker, resulting in a significantly harsher sentence than he otherwise would have received had counsel performed competently.

The U. S. Supreme Court has consistently held that a defendant is entitled to effective legal representation at every critical stage of a criminal proceeding, including plea negotiations and sentencing. See *Lafler v. Cooper*, 566 U.S. 156 (2012); *Missouri v. Frye*, 566 U.S. 134 (2012). Here, the failures of Coker's counsel not only undermined the fairness of the proceedings but also led to a fundamentally unjust outcome.

Had Coker been properly informed, represented, and advocated for, there is a reasonable probability that he would have either proceeded to trial or received a substantially lower sentence at sentencing. These failures deprived him of his rights under the Sixth Amendment, warranting the vacatur of his conviction and sentence.

27

For these reasons, Coker respectfully requests that the Court grant his § 2255 motion, vacate his conviction and sentence, and order appropriate relief, including but not limited to resentencing or an evidentiary hearing to fully assess counsel's deficiencies, resolve facts in dispute between the parties and their prejudicial impact on his case, and to expand an incomplete record.

Respectfully submitted,

Dated: March 17, 2025

*Kyle Andrew Coker*

KYLE ANDREW COKER
REG. NO. 94249-509
USP McCreary
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY   42635
Appearing *Pro Se*

KYLE ANDREW COKER
REG. NO. 94249-509
USP McCreary
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY  42635

March 13, 2025

Mr. Nathan Ochsner
Clerk of Court
U. S. District Court
Southern District of Texas
Houston Division
P. O. Box 61010
Houston, TX 77208

United States Courts
Southern District of Texas
F I L E D

MAR 1 7 2025

Nathan Ochsner, Clerk of Court

RE:   *Coker v. United States*
      Civil No. 4:24-cv-_____
      Crim No. 4:22-cr-00151-1

Dear Mr. Ochsner:

Enclosed please find and accept for filing Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support thereof. Please submit these documents to the Court.

Thank you for your assistance in this matter.

Sincerely,

*Kyle Andrew Coker*
KYLE ANDREW COKER
Appearing *Pro Se*

*Encl. as noted*

KYLE ANDREW COKER
REG. NO. 94249-509
USP McCreary
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY  42635

March 13, 2025

Mr. Nathan Ochsner
Clerk of Court
U. S. District Court
Southern District of Texas
Houston Division
P. O. Box 61010
Houston, TX 77208

RE:    *Coker v. United States*
        Civil No. 4:24-cv-_____
        Crim No. 4:22-cr-00151-1

Dear Mr. Ochsner:

Enclosed please find and accept for filing Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support thereof. Please submit these documents to the Court.

Thank you for your assistance in this matter.

Sincerely,

*Kyle Andrew Coker*

KYLE ANDREW COKER
Appearing *Pro Se*

*Encl. as noted*

PRESS FIRMLY TO

United States Courts
Southern District of Texas
**F I L E D**

**MAR 17 2025**

Nathan Ochsner, Clerk of Court

**UNITED STATES**
**POSTAL SERVICE** ®



| **PRIORITY**
**M A I L**

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international desti
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

EP14F October 2023
OD: 12 1/2 x 9 1/2

**UNITED STATES**
**POSTAL SERVICE.**

**P**

uspis.com
$3.71
US POSTAGE
Cubic
15.00L×13.00W

**U.S. POSTAGE PAID**

9405 5301 0935 5116 0231 74 0887 1000 0807 7205

RDC 03

03/24/2025

Mailed from 42835   6420582618502609

B050

**Click-N-Ship** ®

## PRIORITY MAIL®

REG. NO. 94249-509
KYLE OCHSNER
PO BOX 3000
PINE KNOT KY 42835-3000

03/20/2025

CLERK OF COURT
NATHAN OCHSNER
PO BOX 61010
HOUSTON TX 77208-1010

**USPS TRACKING #**

9405 5301 0935 5116 0231 74



To schedule free Package
scan the QR cod

USPS.COM/PICK

how2recycle.info
PAPER
POUCH

PS00001000014