United States Courts
Southern District of Texas
FILED

APR 14 2025

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | Criminal No. 4:22-CR-151-1 |
| v. | § | Civil No. 4:25-CV-101 |
| | § | |
| KYLE ANDREW COKER, | § | |
| *Defendant.* | § | |

**RESPONSE TO UNITED STATES' MEMORANDUM
IN OPPOSITION TO AND MOTION TO DISMISS
COKER'S 28 U.S.C. § 2255 MOTION**

COMES Defendant, Kyle Andrew Coker ("Coker"), appearing *pro se,* and files his Response to United States' Memorandum in Opposition to and Motion to Dismiss Coker's 28 U.S.C. § 2255 Motion, and would show as follows:

**PRELIMINARY STATEMENT**

As a preliminary matter, Coker respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

**RESPONSE TO UNITED STATES' MEMORANDUM IN OPPOSITION**

The twenty-seven (27) page United States' Memorandum in Opposition to and Motion to Dismiss Coker's 28 U.S.C. § 2255 Motion ("USM") is divided into four (4) main sections: (I) Background; (II) Coker's motion for § 2255 relief is subject to dismissal as untimely; (III) Coker has failed to prove that he received the ineffective assistance of counsel; and (IV) Conclusion. Coker will respond sequentially to all main sections and their respective subsections and subparts as follows:

## I. Background

Coker does not object to this main section of the USM with the exception of the last sentence wherein the government opines that:

> Because Coker's motion is overdue, and lacks any valid justification for its tardiness, it is subject to dismissal. Alternatively, Coker's vague and conclusory claims fail to show that he received ineffective assistance of counsel, and his motion should be denied without the need for an evidentiary hearing.

See GR at 11.

For the reasons that below and the reasons previously stated in his original § 2255 Motion, Coker objects to the above referenced government opinion as follows:

## II. Coker's Motion for § 2255 Relief Is Subject to Dismissal as Untimely

The government incorrectly argues that Coker's § 2255 motion is untimely due to voluntary dismissal of his direct appeal. This position is inconsistent with controlling precedent from both the Supreme Court and the Fifth Circuit.

The Supreme Court in *Clay v. United States*, 537 U.S. 522 (2003), clearly stated that a federal conviction becomes final for the purpose of a § 2255 motion when the period for seeking certiorari expires. Specifically, the Supreme Court emphasized that the statutory period begins when "the Supreme Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." *Id.* at 527.

The Fifth Circuit has consistently applied this holding, reiterating in *United States v. Plascencia*, 537 F.3d 385 (5th Cir. 2008), that the one-year statute of limitations under § 2255(f)(1) does not begin to run until the expiration of the ninety-day window for filing a petition for certiorari, regardless of the merits or likely success of that petition. Contrary to the government's argument,

2

the Fifth Circuit has not established any binding precedent suggesting that voluntary dismissal of an appeal immediately finalizes the judgment. Indeed, the Fifth Circuit expressly noted the question as unresolved. See *Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011).

Given this ambiguity, Fifth Circuit precedent directs this Court to apply the principle that doubts about the timeliness of a § 2255 motion should be resolved in favor of the petitioner, particularly when controlling authority provides a clear rule of counting ninety days from the dismissal or final judgment of a direct appeal. The Fifth Circuit's cautionary dicta in *United States v. Solis-Gonzalez*, 254 F.3d 1080, 1080 n.1 (5th Cir. 2001), cited by the government, explicitly acknowledges uncertainty and is insufficient to override the clear guidance from the Supreme Court in *Clay*.

Additionally, courts within the Fifth Circuit have declined to penalize petitioners for unsettled questions of law. For example, in *United States v. Champion*, 2006 WL 1293566, at *3 (S.D. Tex. May 6, 2006), the district court acknowledged the split among district courts and chose to reach the merits rather than dismissing on a procedural technicality.

The government relies heavily on non-binding decisions from other district courts, such as *United States v. Martin*, 2008 WL 4211153 (N.D. Tex. 2008), which carry persuasive value at best and do not overcome Supreme Court precedent nor provide binding guidance for this Court.

Because the Supreme Court's directive in Clay is clear, and because Fifth Circuit precedent directs that statutory ambiguities must favor petitioners in habeas contexts, Coker's motion must be deemed timely. To hold otherwise would improperly deny Coker his statutory right to challenge his conviction under § 2255 based upon an unsettled and non-binding procedural argument.

For these reasons, Coker respectfully requests this Court deny the government's motion to dismiss his § 2255 motion as untimely and proceed to consideration of its merits.

### III.  Coker Has Failed to Prove That He Received the Ineffective Assistance of Counsel

The government argues that Coker failed to meet the standard set forth in *Strickland v. Washington* 466 U.S. 668 (1984), requiring proof of deficient performance by counsel and resulting prejudice. However, the government mischaracterizes and oversimplifies Coker's claims and the applicable legal standards.

Under *Strickland*, Coker must demonstrate (1) that counsel's performance fell below an objectively reasonable standard and (2) that this deficient performance prejudiced the outcome. 466 U.S. at 687; see also, *United States v. Lincks*, 82 F.4th 325, 330 (5th Cir. 2023).

#### A.  Counsel's Deficient Performance Induced Coker's Guilty Plea

Coker alleges his attorney failed to adequately communicate essential information regarding the consequences of pleading guilty, failed to conduct necessary pretrial investigations, and failed to effectively negotiate a favorable plea. Contrary to the government's assertion, these claims are neither vague nor conclusory.

The Supreme Court established in *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), that a defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Here, Coker contends precisely that: had his attorney properly informed him about potential defenses and sentencing implications, he would have chosen trial over a plea.

4

The government's reliance on Coker's statements during his plea hearing does not conclusively negate ineffective assistance claims. The Supreme Court has cautioned that such statements, though solemn, do not automatically bar collateral challenges. See *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977). Where counsel's advice or performance significantly misinforms or inadequately informs a defendant, plea statements alone cannot foreclose relief under *Strickland*. See *Lee v. United States*, 582 U.S. 357, 369–70 (2017) (emphasizing that plea colloquies alone do not necessarily resolve ineffective assistance claims).

        1.     Counsel's Failure to Investigate and Negotiate Caused Prejudice

Coker specifically alleges his counsel failed to conduct an independent investigation or properly negotiate a plea. The Fifth Circuit consistently requires counsel to undertake adequate investigations or make informed tactical decisions. See *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). The government's dismissal of Coker's claims as conclusory is premature. Coker identified investigative areas, including potential defenses, and sentencing factors, which, if explored, could reasonably have altered his decision to plead guilty or resulted in a more favorable plea.

Moreover, the government incorrectly assumes that counsel secured the most favorable plea possible. Yet Coker's claim that counsel failed to negotiate a better plea is precisely supported by *Lafler v. Cooper*, 566 U.S. 156, 165 (2012), where the Supreme Court recognized ineffective assistance where counsel's errors during plea negotiations resulted in a longer sentence than otherwise would have been imposed. Here, had counsel effectively negotiated or adequately prepared, a better plea offer or a reduced sentence could have been achieved, satisfying the prejudice prong under *Strickland*. See also, *Glover v. United States*, 531 U.S. 198, 203 (2001) (even

5

incremental additional jail time demonstrates prejudice).

> B. Coker Has Failed to Show That He Received Ineffective Assistance of Counsel During Sentencing

The government's assertion that Coker's claims regarding ineffective assistance at sentencing are "vague and conclusory" ignores both the substance of Coker's allegations and applicable precedent. Under the standards established by *Strickland v. Washington*, 466 U.S. 668 (1984), and reaffirmed in *Lafler v. Cooper*, 566 U.S. 156 (2012), Coker adequately demonstrates both deficient performance by counsel and resulting prejudice.

> 1. Failure to Properly Explain and Discuss the PSR

Contrary to the government's claims, counsel's obligation under *Strickland* and Fifth Circuit precedent extends beyond a cursory review of the PSR. The duty to ensure that a defendant comprehensively understands sentencing implications is fundamental. See *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005). Coker's allegations that counsel failed to adequately discuss the PSR, particularly guideline implications, establish a plausible basis for deficient performance. Misunderstanding key aspects of sentencing impacts a defendant's ability to meaningfully allocute and present mitigating factors effectively, directly affecting sentencing outcomes.

> 2. Failure to File Substantive Objections to the PSR

The government's argument that counsel made sufficient objections ignores Coker's claim that substantive guideline objections were overlooked. Merely lodging a single objection does not satisfy counsel's obligation to provide effective advocacy at sentencing. See *Glover v. United States*, 531 U.S. 198, 203–04 (2001), instructs that failing to object substantively to guideline calculations or errors leading to additional imprisonment constitutes prejudice under *Strickland*. Coker identifies

specific sentencing enhancements that counsel failed to challenge effectively, thereby establishing prejudice.

                3.      Failure to Adequately Argue Mitigation and Object to the Substantive Reasonableness of the Sentence

While the government notes counsel's limited mitigation arguments, the record demonstrates these were perfunctory and insufficient given the extensive evidence available for mitigation. Fifth Circuit precedent requires effective advocacy at sentencing, including thorough presentation of mitigating evidence and robust objection to substantively unreasonable sentences. See *United States v. Cardenas-Cabrera*, 2016 WL 5871451, at *2 (S.D. Tex. Oct. 6, 2016) (recognizing that even incremental reductions in sentence duration constitute prejudice under *Strickland*).

Furthermore, although a within-guidelines sentence carries a presumption of reasonableness, See *Rita v. United States*, 551 U.S. 338, 347 (2007), clarifies this presumption does not relieve counsel of the duty to challenge sentences through meaningful advocacy. Counsel's failure to vigorously contest the substantive reasonableness of the sentence constitutes ineffective assistance under *Strickland* and directly contributed to the imposition of a longer sentence than necessary.

Coker respectfully requests this Court reject the government's arguments, find counsel ineffective under the Sixth Amendment, and grant relief pursuant to his § 2255 motion, or alternatively, hold an evidentiary hearing.

7

## IV. Conclusion

For the reasons stated above, Coker respectfully urges this Court to deny the Government's request for dismissal based on timeliness and instead find his § 2255 motion timely pursuant to controlling precedent from the Supreme Court in *Clay v. United States*, 537 U.S. 522 (2003). The ambiguity identified by the Fifth Circuit regarding voluntary dismissals of appeals should be resolved in Coker's favor, consistent with the principle favoring petitioners in habeas cases. See *Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011).

Moreover, Coker has demonstrated that he received ineffective assistance of counsel under the two-prong test established by *Strickland v. Washington*, 466 U.S. 668 (1984). He has sufficiently shown that his attorney's deficient performance—both prior to the guilty plea and at sentencing—resulted in prejudice. See *Lee v. United States*, 582 U.S. 357 (2017); *Lafler v. Cooper*, 566 U.S. 156 (2012). At a minimum, Coker has raised substantive factual questions that warrant an evidentiary hearing.

Finally, reasonable jurists could indeed debate the merits of Coker's claims. Therefore, contrary to the government's assertions, Coker is entitled to a Certificate of Appealability should this Court deny his § 2255 motion. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Accordingly, this Court should deny the government's request for dismissal and either grant Coker's § 2255 motion or schedule an evidentiary hearing.

Respectfully submitted,

Dated: April 8, 2025

*Kyle Andrew Coker*
KYLE ANDREW COKER
REG. NO. 94249-509
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521
Appearing *Pro Se*

### CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, a true and correct copy of the above and foregoing Response to United States' Memorandum in Opposition to and Motion to Dismiss Coker's 28 U.S.C. § 2255 Motion was sent via First Class U. S. Mail, postage prepaid, to Philip S. Harris, Assistant United States Attorney, 1000 Louisiana Street, Ste. 2300, Houston, TX 77002.

*Kyle Andrew Coker*
KYLE ANDREW COKER

KYLE ANDREW COKER
REG. NO. 94249-509
USP Coleman I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

April 8, 2025

Mr. Nathan Ochsner
Clerk of Court
U. S. District Court
Southern District of Texas
Houston Division
P. O. Box 61010
Houston, TX 77208

United States Courts
Southern District of Texas
FILED

APR 14 2025

Nathan Ochsner, Clerk of Court

    RE:    *Coker v. United States*
              Civil No. 4:22-cr-00151
              Crim No. 4:22-cr-00151-1

Dear Mr. Ochsner:

    Enclosed please find and accept for filing Defendant's Response to United States' Memorandum in Opposition to and Motion to Dismiss Coker's 28 U.S.C. § 2255 Motion. Please submit this reply to the Court.

    Thank you for your assistance in this matter.

                                              Sincerely,

                                              *Kyle Andrew Coker*
                                              KYLE ANDREW COKER
                                              Appearing *Pro Se*

*Encl. as noted*

